```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ROBERT LAND,<br><br>　　　　　Plaintiff,<br>v.<br><br>MR. DAVID OWENS (WARDEN);<br>CAMDEN COUNTY JAIL,<br><br>　　　　　Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-cv-07734 (JBS-AMD)<br><br>**OPINION** |

APPEARANCES:

Robert Land, Plaintiff Pro Se
4320479
Camden County Correctional Facility
330 Federal Street
Camden, NJ 08102

**SIMANDLE, Chief District Judge:**

**I.　INTRODUCTION**

　　　Plaintiff Robert Land, a prisoner confined at Camden County Jail ("CCJ"), seeks to bring a civil rights complaint pursuant to the 42 U.S.C. § 1983 against the CCJ warden, David Owens. Complaint, Docket Entry 1.

　　　At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court will dismiss the

complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

## II. BACKGROUND

Plaintiff seeks relief for allegedly unconstitutional conditions of confinement during his detention in the CCJ. He states has been sleeping on the floor of the cell since May 2016 due to there being two other inmates in the cell with him. Complaint ¶ 6. He alleges the order came directly from Warden Owens and if he "didn't comply with that order, the consequence would be going to lock-up." *Id.* He also indicates that he has to wake up during the night and move from his position on the floor in order that his cellmates may use the toilet. *Id.*

## III. STANDARD OF REVIEW

Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A and 42 U.S.C. § 1997e because Plaintiff is a prisoner proceeding *in forma pauperis* and is filing a claim about the conditions of his confinement.

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

**IV. DISCUSSION**

Plaintiff raises claims of unconstitutional conditions of confinement. Accepting the allegations in the complaint as true for purposes of screening only, the fact that Plaintiff slept on the floor for roughly five months does not in and of itself violate the Due Process Clause of the Fourteenth Amendment. *See Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (noting that requiring pretrial detainees to sleep on a mattress on the floor of cells for a period of three to seven months did not violate Fourteenth Amendment due process rights). "[T]he Constitution does not mandate comfortable prisons[.]" *Rhodes v. Chapman*, 452

U.S. 337, 349 (1981). The Due Process Clause is only violated when the totality of the conditions "cause[s] inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them." *Id.* (internal citation and quotation marks omitted). Sleeping on the floor, while undoubtedly uncomfortable, is not enough by itself to make out a constitutional violation. The present complaint does not allege sufficient facts to support a reasonable inference that the totality of the conditions at CCJ are punitive in nature. Plaintiff must provide other facts about the conditions at CCJ before his complaint may proceed. The claims against Warden Owens are dismissed without prejudice,[1] but Plaintiff shall be given leave to amend his complaint as he may be able to provide facts supporting a due process claim.

As Plaintiff may be able to amend the Complaint to address the deficiencies noted by the Court, the Court shall grant Plaintiff leave to amend the Complaint within 30 days of the

---

[1] The claims made against CCJ are dismissed with prejudice as it is not a "state actor" within the meaning of § 1983. *See Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983).

date of this order.[2] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.* The amended complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court.

### V. CONCLUSION

For the reasons stated above, the complaint is dismissed without prejudice for failure to state a claim. An appropriate order follows.

| | |
|---|---|
| __March 30, 2017__ | s/ Jerome B. Simandle |
| Date | JEROME B. SIMANDLE |
| | Chief U.S. District Judge |

---

[2] The amended complaint shall be subject to screening prior to service.