UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT LAND, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | Civil Action |
| v. | No. 16-cv-07734 (JBS-AMD) |
| WARDEN DAVID OWENS; CAMDEN COUNTY JAIL, | **OPINION** |
| Defendant. | |

APPEARANCES

Robert Land, Plaintiff Pro Se
4320479
Camden County Correctional Facility
330 Federal Street
Camden, NJ 08102

**SIMANDLE, District Judge:**

1. By Complaint dated October 24, 2016, Plaintiff Robert Land sought to bring a civil rights action pursuant to 42 U.S.C. § 1983 for allegedly unconstitutional conditions of confinement. Complaint, Docket Entry 1 ("Original Complaint"), § III(A).

2. The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77, requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. 28 U.S.C. § 1915(e)(2). The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

who is immune from such relief. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3. In accordance with these directives of the PLRA, this Court undertook the requisite screening and, by Order dated March 30, 2017 (Docket Entry 4 ("Dismissal Order")): (a) dismissed with prejudice Plaintiff's claims against the defendant Camden County Jail; and (b) dismissed without prejudice Plaintiff's claims against the Warden Owens.

4. The March 30, 2017 dismissal of Plaintiff's claim against the Camden County Jail was with prejudice because, as explained in this Court's March 30, 2017 Opinion that accompanied the Dismissal Order, Camden County Jail is not a "state actor" subject to liability within the meaning of 42 U.S.C. § 1983. Docket Entry 3, at 4 ("Dismissal Opinion") (citing *Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983)).

5. The March 30 dismissal of Plaintiff's claims against the Warden was without prejudice because, even accepting the statements in § III of Plaintiff's Complaint as true for

2

screening purposes only ("sleeping on the floor with two other inmates" (Original Complaint § III(C)), there was not enough factual support for the Court to infer that a constitutional violation had occurred in connection with Plaintiff's incarceration. Dismissal Opinion at 3-5.

6. The Dismissal Order granted Plaintiff leave to amend the Complaint within 30 days of the date of the Dismissal Order to plead sufficient facts to support a due process claim.

7. On May 3, 2017, Plaintiff submitted a letter as an Amended Complaint which states, "With exception of <u>actual damages</u>, my resubmission document should be considered exactly the same as my original submission, nothing regarding my times of incarceration or the defendants in my case is different." Amended Complaint, Docket Entry 5.

8. The amended complaint does not address the deficiencies noted by the Court but rather directs the Court to look at Plaintiff's original complaint, which was already dismissed by this Court. Therefore, this amended complaint must be dismissed as the original complaint, as it fails to state a claim upon which relief could be granted.

9. This Court will afford Plaintiff one more opportunity to amend his complaint within 30 days of the date of this order.[1]

---

[1] In his amended complaint Plaintiff stated, "there was no specific format specified for a resubmission document" and

3

10.  Plaintiff is again advised that the amended complaint must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915.

11.  The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348–50 (1981) (holding double-celling by itself did not violate Eighth Amendment); *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979))). More is needed to demonstrate that such crowded conditions, for a pretrial detainee, shocks the conscience and thus violates due process rights. *See Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (noting due process analysis requires courts to consider whether the totality of the conditions "cause[s] inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned

---

that forms were requested and not supplied by the Clerk. The Court will direct the Clerk to send Plaintiff a blank complaint, DNJ-ProSe-006 (Rev. 05-2013).

to them."). Some relevant factors are the dates and length of the confinement(s), whether Plaintiff was a pretrial detainee or convicted prisoner, etc.

12. As Plaintiff may yet be able to amend his complaint to address the deficiencies noted by the Court, the Court once more shall grant Plaintiff leave to amend the complaint within 30 days of the date of this order. However, this shall be Plaintiff's final opportunity to amend the complaint for screening purposes. If Plaintiff elects to amend a second time and the second amended complaint is insufficient to survive the Court's review under § 1915, the complaint will be dismissed with prejudice, meaning that Plaintiff will not be granted leave to amend a third time.

13. Plaintiff is reminded that when an amended complaint is filed, any previous complaints no longer perform any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the prior complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.*

14. For the reasons stated above: (a) the Complaint remains dismissed with prejudice as to Plaintiff's claims against the correctional facility defendant; (b) the Complaint is dismissed with prejudice as to claims against the Warden, for failure to state a claim; and (c) the Amended Complaint is dismissed with prejudice in its entirety, for failure to state a claim.

15. An appropriate order follows.


**August 22, 2017**           **s/ Jerome B. Simandle**
Date                                        JEROME B. SIMANDLE
                                                    U.S. District Judge